IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES D. KENGER, on behalf of himself and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CUBIC CORPORATION; CUBIC TRANSPORTATION SYSTEMS CHICAGO, INC.; CUBIC TRANSPORTATION SYSTEMS, INC.; and CHICAGO TRANSIT AUTHORITY, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.   Plaintiff James D. Kenger brings this action to secure redress for the imposition of unauthorized charges by the Ventra fare collection system used by the Chicago Transit Authority.

### JURISDICTION AND VENUE

2.   This Court has jurisdiction under 28 U.S.C. §1693m, 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1332(d). Plaintiff and two of the defendants are of diverse citizenship. The amount in controversy exceeds $5 million, exclusive of interests and costs. The number of class members exceeds 100.

3.   Venue in this District is proper because the events at issue occurred in this District.

### PARTIES

4.   Plaintiff James D. Kenger is a resident of the Northern District of Illinois.

5.   Defendant Cubic Corporation is a Delaware corporation with offices at 9333 Balboa Avenue, San Diego, CA 92123.

1

6. Defendant Cubic Transportation Systems Chicago, Inc., is an Illinois corporation with offices at 9333 Balboa Avenue, San Diego, CA 92123. Its registered agent and office is Incorp Services, Inc., 901 South 2nd Street, Suite 201, Springfield, IL 62704.

7. Defendant Cubic Transportation Systems, Inc., is a California corporation with offices at 9333 Balboa Avenue, San Diego, CA 92123. Its registered agent and office is Incorp Services, Inc., 901 South 2nd Street, Suite 201, Springfield, IL 62704.

8. Defendants Cubic Corporation, Cubic Transportation Systems Chicago, Inc., and Cubic Transportation Systems, Inc., are responsible for the Ventra fare collection system used by the Chicago Transit Authority. They are collectively referred to as "Cubic."

9. Cubic maintains a Ventra Customer Service Center at 165 North Jefferson Street, Chicago IL 60661.

10. Defendant Chicago Transit Authority ("CTA") is an Illinois municipal corporation with offices at 567 West Lake Street, Chicago, IL 60661.

## FACTS

11. In 2011, the CTA awarded Cubic a $454 million contract for the development of the Ventra fare collection system.

12. Exhibit A sets forth the terms and conditions of the Ventra card.

13. The system was implemented beginning in September 2013.

14. The CTA retains responsibility for the amounts charged by the system.

15. Plaintiff is a holder of a Ventra card.

16. The Ventra card is linked to a debit card, so that CTA charges are periodically debited from plaintiff's bank account.

17. On September 24, 2013, Cubic's Ventra system charged plaintiff twice for a single fare.

18. The terms and conditions (Exhibit A) do not authorize Cubic to charge transit

2

customers money for the privilege of talking to a live customer service representative. Such a fee was proposed, but withdrawn after extensive complaints.

19. On September 26, 2013, Cubic's Ventra system repeatedly charged plaintiff $2 for the privilege of talking to a live customer service representative. (Exhibit B)

20. On October 3, 2013, the Ventra system charged plaintiff for both a transfer and a second fare when he paid for a fare plus a transfer. (Exhibit B)

21. This is in excess of what is authorized by the published fare schedule.

22. All of these charges are contrary to the published terms and conditions.

23. All of these charges were imposed by computer. Plaintiff did nothing that would cause himself to be singled out for improper charges.

24. Plaintiff noticed the charges when his bank account was debited to replenish the Ventra card despite use that should not have exhausted the amount on the card.

## COUNT I – BREACH OF CONTRACT

25. Plaintiff incorporates paragraphs 1-24.

26. Defendants breached their contract by charging plaintiff and others amounts not authorized by the contract.

## CLASS ALLEGATIONS

27. Plaintiff brings suit on behalf of a class and subclass pursuant to Fed. R. Civ.P. 23(a) and (b)(2) and (b)(3).

28. The class consists of all persons who have or will in the future have a Ventra card.

29. The subclass consists of class members who have been charged (a) for the privilege of talking to a live customer service representative, (b) both a transfer and a second fare when they paid for a fare plus a transfer, (c) more than once for a single fare, or (d) any other charge not authorized by the published fare schedule.

30. The class is so numerous that joinder of all members is impractical. There are over 1 million class members.

31. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether the Ventra system imposes unauthorized charges.

32. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

33. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer claims and class actions.

34. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendants to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and in favor of the class for:

    (1) Appropriate compensatory damages;

    (2) Injunctive relief;

    (3) Costs of suit;

    (4) Such other or further relief as is appropriate.

## COUNT II – CONSUMER FRAUD ACT

35. Plaintiff incorporates paragraphs 1-24.

36. Plaintiff brings this count against all Defendants, other than the CTA.

37. Defendants engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by misrepresenting the fees charged by the Ventra system.

38. Defendants engaged in such conduct in the course of trade and commerce.

39. Defendants engaged in such conduct for the purpose of getting money to which they were not entitled.

**CLASS ALLEGATIONS**

40. Plaintiff brings suit on behalf of a class and subclass pursuant to Fed. R. Civ.P. 23(a) and (b)(2) and (b)(3).

41. The class consists of all persons who have or will in the future have a Ventra card.

42. The subclass consists of class members who have been charged (a) for the privilege of talking to a live customer service representative, (b) both a transfer and a second fare when they paid for a fare plus a transfer, (c) more than once for a single fare, or (d) any other charge not authorized by the published fare schedule.

43. The class is so numerous that joinder of all members is impractical. There are over 1 million class members.

44. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions are:

    a. Whether the Ventra system imposes unauthorized charges.

    b. Whether doing so is an unfair or deceptive practice.

45. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

46. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer claims and class actions.

47. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendants to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and in favor of the class for:

    (1) Appropriate compensatory and punitive damages;

(2) Injunctive relief;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other or further relief as is appropriate.

## COUNT III – UNJUST ENRICHMENT

48. Plaintiff incorporates paragraphs 1-24.

49. Defendants engaged in inequitable conduct by imposing unauthorized charges, such that they should be compelled to make restitution in equity and good conscience.

## CLASS ALLEGATIONS

50. Plaintiff brings suit on behalf of a class and subclass pursuant to Fed. R. Civ.P. 23(a) and (b)(2) and (b)(3).

51. The class consists of all persons who have or will in the future have a Ventra card.

52. The subclass consists of class members who have been charged (a) for the privilege of talking to a live customer service representative, (b) both a transfer and a second fare when they paid for a fare plus a transfer, (c) more than once for a single fare, or (d) any other charge not authorized by the published fare schedule.

53. The class is so numerous that joinder of all members is impractical. There are over 1 million class members.

54. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions are:

    a. Whether the Ventra system imposes unauthorized charges.

    b. Whether defendants have been unjustly enriched as a result.

55. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

56. Plaintiff will fairly and adequately represent the members of the class. Plaintiff

has retained counsel experienced in the prosecution of consumer claims and class actions.

57. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendants to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and in favor of the class for:

(1) Appropriate compensatory damages;

(2) Injunctive relief;

(3) Costs of suit;

(4) Such other or further relief as is appropriate.

## COUNT IV – ELECTRONIC FUNDS TRANSFER ACT

58. Plaintiff incorporates paragraphs 1-24.

59. Defendants violated the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq., by:

a. Contracting for recurring ("preauthorized") debits without a writing signed by the account holder.

b. Debiting plaintiff's bank account to pay for unauthorized charges.

## CLASS ALLEGATIONS

60. Plaintiff brings suit on behalf of a class and subclass pursuant to Fed. R. Civ.P. 23(a) and (b)(2) and (b)(3).

61. The class consists of all persons who have a Ventra card that is linked to an asset account, i.e., not a prepaid Ventra card.

62. The subclass consists of class members who have been charged (a) for the privilege of talking to a live customer service representative, (b) both a transfer and a second fare when they paid for a fare plus a transfer, (c) more than once for a single fare, or (d) any other charge not authorized by the published fare schedule.

63. The class is so numerous that joinder of all members is impractical. There are over 1,000 class members.

64. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions are:

    a. Whether the Ventra system imposes unauthorized charges.

    b. Whether the debiting of bank accounts to cover such unauthorized charges is an EFTA violation.

    c. Whether the failure of defendants to obtain a signed writing authorizing recurring debits is an EFTA violation.

65. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

66. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer claims and class actions.

67. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendants to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and in favor of the class for:

    (1) Appropriate statutory and compensatory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other or further relief as is appropriate.

                       s/Daniel A. Edelman
                        Daniel A. Edelman

Daniel A. Edelman

Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    &amp; GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)