**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES D. KENGER, | ) | |
| on behalf of himself and a class, | ) | |
| | ) | |
| Plaintiff, | ) | 13-cv-7294 |
| | ) | |
| vs. | ) | |
| | ) | |
| CUBIC CORPORATION; | ) | |
| CUBIC TRANSPORTATION | ) | |
| SYSTEMS CHICAGO, INC.; | ) | |
| CUBIC TRANSPORTATION | ) | |
| SYSTEMS, INC.; and | ) | |
| CHICAGO TRANSIT | ) | |
| AUTHORITY, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, James D. Kenger, respectfully requests, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), that this Court enter an order determining that this action may proceed as a class action against defendants Cubic Corporation, Cubic Transportation Systems Chicago, Inc., Cubic Transportation Systems, Inc.; and Chicago Transit Authority.

Plaintiff defines the classes as follows:

For purposes of Counts I (breach of contract), II (Consumer Fraud Act), and III (unjust enrichment), plaintiff defines a class of all persons who have or will in the future have a Ventra card and a subclass consisting of class members who have been charged (a) for the privilege of talking to a live customer service representative, (b) both a transfer and a second fare when they paid for a fare plus a transfer, (c) more than once for a single fare, or (d) any other charge not authorized by the published fare schedule.

For purposes of Count IV, alleging violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq., plaintiff defines a class of all persons who have a Ventra card that is linked to an asset account, i.e., not a prepaid Ventra card, and a subclass which consists of class

1

members who have been charged (a) for the privilege of talking to a live customer service representative, (b) both a transfer and a second fare when they paid for a fare plus a transfer, (c) more than once for a single fare, or (d) any other charge not authorized by the published fare schedule.

Plaintiff further requests that he be appointed class representative and that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1. Plaintiff brings this action to secure redress for the imposition of unauthorized charges by the Ventra fare collection system used by the Chicago Transit Authority. The Cubic defendants are responsible for the Ventra system.

2. Plaintiff is a holder of a Ventra card.

3. The Ventra card is linked to a debit card, so that CTA charges are periodically debited from plaintiff's bank account.

4. Plaintiff has been charged amounts not authorized by the published Ventra fee schedule or the fares authorized by the CTA.

5. On September 24, 2013, Cubic's Ventra system charged plaintiff twice for a single fare.

6. On September 26, 2013, Cubic's Ventra system repeatedly charged plaintiff $2 for the privilege of talking to a live customer service representative.

7. On October 3, 2013, the Ventra system charged plaintiff for both a transfer and a second fare when he paid for a fare plus a transfer.

8. All of these charges were imposed by computer. Plaintiff did nothing that would cause himself to be singled out for improper charges.

9. In this action, plaintiff alleges that defendants' improper charges are a breach of

contract (Count I), a violation of the Illinois Consumer Fraud Act (Count II, as to the Cubic defendants only), and result in unjust enrichment (Count III). Plaintiff also alleges violation of the Electronic Funds Transfer Act (Count IV).

10. The class is so numerous that joinder of all members is impractical. There are over 1 million class members.

11. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common questions are:

    a. Whether the Ventra system imposes unauthorized charges.

    b. Whether doing so is a breach of contract.

    c. Whether doing so is an unfair or deceptive practice.

    d. Whether defendants have been unjustly enriched.

    e. Whether defendants have violated the EFTA.

12. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

13. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer claims and class actions.

14. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendants to stop their improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

15. Plaintiff is filing a class certification motion at this time because of the decision in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011).

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,


                                                             /s/ Daniel A. Edelman
                                                            Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, certify that on October 10, 2013, or as soon thereafter as service may be effectuated, I caused a true and accurate copy of the foregoing document to be served, via hand delivery by process server, on the following parties:

Cubic Corporation
9333 Balboa Avenue
San Diego, CA 92123.

Cubic Transportation Systems Chicago, Inc.
9333 Balboa Avenue
San Diego, CA 92123.

Cubic Transportation Systems, Inc.
9333 Balboa Avenue
San Diego, CA 92123

Chicago Transit Authority
567 West Lake Street
Chicago, IL 60661.


    /s/ Daniel A. Edelman
    Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com