IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES D. KENGER, on behalf of himself and a class, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 13 cv 7294 |
| CUBIC CORPORATION; CUBIC TRANSPORTATION SYSTEMS CHICAGO, INC.; CUBIC TRANSPORTATION SYSTEMS, INC.; and CHICAGO TRANSIT AUTHORITY, | ) ) ) ) ) ) | Judge Joan Gotschall |
| Defendants. | ) ) | |
| MIN RO, individually, and behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 13 cv 8614 |
| CUBIC CORPORATION, a Delaware corporation; CUBIC TRANSPORTATION SYSTEMS CHICAGO, INC., an Illinois corporation; CUBIC TRANSPORTATION SYSTEMS, INC., a California corporation; and CHICAGO TRANSIT AUTHORITY, an Illinois municipal corporation, | ) ) ) ) ) ) ) ) ) | Judge Charles P. Kocoras Magistrate Arlander Keys |
| Defendants. | ) | |

**PLAINTIFF MIN RO'S MOTION TO CONSOLIDATE,
OR, IN THE ALTERNATIVE, TO REASSIGN AS RELATED**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Plaintiff MIN RO, individually, and on behalf of all others similarly situated, respectfully requests that this Court consolidate *Ro v. Cubic Corporation, et al.*, Case No. 13 cv 8614 (N.D. Ill.) (Kocoras, J.) ("Ro Case," attached hereto as Exhibit 1), with the earlier-filed *Kenger v. Cubic Corporation*, *et al*.,

Case No. 13 cv 7294 (N.D. Ill.) ("Kenger Case," attached hereto as Exhibit 2), which is currently pending before this Court, for all purposes, including trial. In the alternative, Plaintiff Ro seeks to reassign the Ro Case to this Court as related pursuant to Local Rule 40.4 of the U.S. District Court for the Northern District of Illinois.

I.    **Consolidation is Appropriate Under FRCP 42(a).**

The actions should properly be consolidated pursuant to FRCP 42(a), which provides:

(a)    Consolidation. If actions before the court involve a common question of law or fact, the court may:

    (1)    join for hearing or trial any or all matters at issue in the actions;

    (2)    consolidate the actions; or

    (3)    issue any other orders to avoid unnecessary cost or delay.

The question of whether to grant consolidation is a matter of discretion for the trial court. *U.S. v. Knauer,* 149 F.2d 519, 519-520 (7th Cir. 1945); *In re Nuveen Fund Litigation,* 1994 WL 505294 at *2 (N.D. Ill. 1994). In exercising that discretion, a Court should consider whether the proposed consolidation would promote convenience and judicial economy, *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970), and whether it would cause prejudice to any party. *Knauer,* 149 F.2d at 520; *Nuveen,* 1994 WL 505294 at *2.

The Ro Case is substantially similar to the Kenger Case, and the cases include common questions of both law *and* fact. Each case is brought as a putative class action against the same Defendants, alleging breach of contract, a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, and unjust enrichment. The Kenger Case includes one additional count, for a violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693, *et seq.* The respective Complaints contain similar allegations, are brought on behalf of a substantially similar class, and seek the same relief.

Both Complaints arise out of the Plaintiffs' use of Cubic's Ventra system, which is the name of CTA and Pace's new payment system that allows, among other things, customers to use a single fare card for regional transit throughout the Chicago area. Both Complaints allege that Plaintiffs were holders of Ventra cards, and that the Ventra system imposed unauthorized charges and overcharged them. (Exhibit 1, ¶¶ 25-28; Exhibit 2, ¶¶ 15-23). Furthermore, both Complaints also allege that these overcharges violate Ventra's User Agreement Terms and Conditions for Transit ("Terms and Conditions"). (Exhibit 1, ¶¶ 21-28; Exhibit 2, ¶ 22).

Accordingly, both the Ro Case and Kenger Case center on the Ventra system's processing of payments, and whether the Ventra system imposed unauthorized charges and overcharged Plaintiffs. These are common questions of fact for both cases. Also, whether Defendants' alleged misconduct violates Ventra's Terms and Conditions, constitutes consumer fraud, and/or constitutes unjust enrichment, are common questions of law.[1]

Although the Class definitions are not identical, they are similar. The Ro Case seeks to certify the following subclasses:

> Subclass 1: All persons who were overcharged when purchasing or loading transit value onto a Ventra card or Ventra account, and who did not receive a credit for the overcharge.
>
> Subclass 2: All persons who paid money to be loaded onto a Ventra card or Ventra account, and whose money was not actually loaded onto the card or account.

(Exhibit 1, ¶ 30).

The Kenger Case seeks to certify a Class consisting of "of all persons who have or will in the future have a Ventra card," along with the following subclasses:

---

[1] Defendants do not oppose the relief sought by this Motion, namely to consolidate the Ro Case with the earlier-filed Kenger case. Defendants, however, do object to the assertion that there are common questions of either fact or law as between plaintiff Ro and/or Kenger and the putative class members, and explicitly reserve and do not waive their right to challenge that the commonality, and other requirements, of Federal Rule 23 are satisfied at the appropriate time.

> class members who have been charged (a) for the privilege of talking to a live customer service representative, (b) both a transfer and a second fare when they paid for a fare plus a transfer, (c) more than once for a single fare, or (d) any other charge not authorized by the published fare schedule.

(Exhibit 2, ¶¶ 28-29, 41-42, 51-52, 61-62).

Although worded differently, the Class definitions in both cases include individuals who allege that they have had unauthorized charges imposed upon them and further allege that they were overcharged when using the Ventra system. Thus, there are common questions of fact concerning the number of Class members who are in the putative Class. Moreover, both cases seek both compensatory and injunctive relief, and there are common questions concerning damages among those Class members.

At this stage of the proceedings based on the parties' investigations to date, it appears that the differences between the cases are minimal. First, the identities of the named plaintiffs are obviously different, which does not change whether the questions of law and fact are common, and therefore do not affect the Court's analysis.

Second, the Kenger Case seeks damages for purported charges imposed upon the Plaintiff for speaking with a live customer service representative, and for overcharges when paying fares using a Ventra card (Exhibit 2, ¶¶ 17-20), while the Ro Case seeks damages for overcharges as a result of Ventra not crediting Plaintiff's account when she loaded value onto her Ventra Card, and for not refunding her the $5 Ventra card fee. (Exhibit 1, ¶¶ 26-27). Regardless, in both cases, the crux of the allegations is that the Ventra system overcharged the Plaintiffs, the overcharges were not authorized, and the overcharges were automatic and part of how the Ventra system was implemented, not based on any individualized difference in the type of transactions.

Third, the Kenger Case seeks relief under the EFTA, not because of the nature of the Plaintiff's overcharges, but rather, based on the procedure by which the Plaintiff's bank account

4

was debited. (Exhibit 2, ¶ 59). A necessary precondition of this claim is that the charges were unauthorized and/or were overcharges, which are the same questions of fact and law present in the Ro Case. As such, the substance of the claims and relief sought in each of these cases is the same.

Importantly, consolidation is likely to result in a substantial savings of judicial time and effort, as both cases are susceptible to disposition in a single proceeding. As the cases involve common questions of law and fact, discovery in the cases will be substantially similar. The cases are centered on the issues regarding whether Defendants unlawfully overcharged Plaintiffs and the Class through their use of the Ventra system. Therefore, resolution of both of the cases will turn on the kinds of charges that Defendants are allowed to impose for the use of the Ventra system, whether Ventra imposed any charges other than those allowable charges, and if Ventra overcharged individuals, who was overcharged and how much they were overcharged. The variations will not change the outcome of the cases. Indeed, there will necessarily be such variations between putative Class members. Therefore, subsection (4) is met as well.

Accordingly, the Court should consolidate the Ro Case and Kenger Case pursuant to FRCP 42(a).

## II.  In the Alternative, Reassigning the Ro Case to this Court as Related to the Kenger Case Is Appropriate.

Northern District of Illinois Local Rule 40.4(a) provides as follows:

(a)  Two or more civil cases may be related if one or more of the following conditions are met:

    (1)  the cases involve the same property;

    (2)  the cases involve some of the same issues of fact or law;

    (3)  the cases grow out of the same transaction or occurrence; or

5

  (4)  in class action suits, one or more of the classes involved in the cases is or are the same.

At least one of the above conditions is met here. As set forth above in Section I, the Ro Case and Kenger Case involve the same issues of fact and law, so subsection (2) of Local Rule 40.4(a) is met. Additionally, both cases grow out of the use of the Ventra system and the unauthorized and improper charges imposed by Defendants, so subsection (3) of Local Rule 40.4(a) is met. Finally, as discussed above, the classes are essentially the same, as they include individuals who were overcharged by the Ventra system, so subsection (4) of Local Rule 40.4(a) is met.

Accordingly, Local Rule 40.4(a) is satisfied, because at least one of the conditions set forth therein is met.

Local Rule 40.4(b) sets fort the conditions for reassignment, and provides as follows:

  (b)  Conditions for Reassignment. A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

    (1)  both cases are pending in this Court;

    (2)  the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

    (3)  the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

    (4)  the cases are susceptible of disposition in a single proceeding.

All of the above criteria are met. Both the Ro Case and the Kenger Case are pending in this Court, so subsection (1) of Local Rule 40.4(b) is easily met.

Because the issues of fact and law are substantially the same, the handling of the cases by the same judge will result in a substantial saving of judicial time and effort. Indeed, discovery

6

will be streamlined and non-duplicative, and one judge can supervise discovery disputes that are likely to arise in both cases. Additionally, having one judge rule on issues of law that are likely to be substantially the same in both cases furthers judicial economy, and avoids inconsistent rulings that have to be reconciled. Therefore subsection (2) of Local Rule 40.4(b) is met.

The earlier-filed Kenger Case has not progressed to a point where the proceedings in that case would be delayed, as Defendants have yet to answer or otherwise plead to the Kenger Complaint. Indeed, Defendants were granted an extension of time to do so on December 2, 2013. Therefore, subsection (3) of Local Rule 40.4(b) is met.

Finally, the cases are susceptible of disposition in a single proceeding, for reasons set forth above in Section I. Therefore, subsection (4) of Local Rule 40.4(b) is met.

Accordingly, Local Rule 40.4(b) is satisfied, because all of the criteria set forth therein are met.

WHEREFORE, Plaintiff MIN RO, individually, and on behalf of all others similarly situated, prays that the Court enter an order consolidating the Ro Case with the Kenger Case pursuant to FRCP 42(a), or alternatively, reassigning the Ro Case to this Court pursuant to Local Rule 40.4, and for any other relief the Court deems just.

Plaintiff MIN RO, individually, and on behalf of all others similarly situated,

By: s/Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr. (IL #6231944)
Adam M. Tamburelli (IL #6292017)
Frank J. Stretz (IL #6310264)
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone

(312) 440-4180 facsimile
www.attorneyzim.com

Counsel for the Plaintiff and Class