**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
|  | ) | Case No. 13-cv-7294 |
|  | ) |  |
| *In re Ventra Card Litigation* | ) | Hon. Joan B. Gottschall |
|  | ) |  |
|  | ) | Hon. Magistrate Judge Jeffrey C. Cole |
|  | ) |  |
|  | ) | **ORAL ARGUMENT REQUESTED** |
|  | ) |  |

**MOTION TO DISMISS COUNTS II, III & IV OF PLAINTIFFS' CONSOLIDATED
CLASS ACTION COMPLAINT AND
MOTION TO STRIKE REQUEST FOR PUNITIVE DAMAGES**

Cubic Corporation, Cubic Transportation Systems Chicago, Inc., Cubic Transportation Systems, Inc. (collectively, the "Cubic Entities") and the Chicago Transit Authority ("CTA" and with the Cubic Entities, "Defendants"), by and through undersigned counsel, respectfully submit this Motion to Dismiss Counts II, III and IV of the Consolidated Class Action Complaint filed by Plaintiffs James D. Kenger ("Kenger"), Min Ro ("Ro"), Stacy Allen ("Allen") and Anish Patel ("Patel") (collectively, "Plaintiffs") and Motion to Strike Plaintiffs' Request for Punitive Damages (the "Motion"). In support of this Motion, Defendants respectfully state as follows:

1. This lawsuit arises out of Defendants' implementation and rollout of a new contactless fare payment system for CTA passengers known as Ventra.

2. On January 29, 2014, Plaintiffs filed their Consolidated Class Action Complaint (the "Complaint"), which asserts causes of action for breach of contract, unjust enrichment and violations of the Illinois Consumer Fraud Act ("ICFA") and the Electronic Funds Transfer Act ("EFTA"). (*See* DE #38.)

3. This Motion seeks dismissal of Counts II, III and IV of the Complaint, which allege unjust enrichment, violation of the ICFA and violation of the EFTA, respectively. These three Counts should be dismissed because they are entirely duplicative of Count I, the breach of contract claim. The Ventra User Agreement, which Plaintiffs accepted and agreed to by virtue of purchasing, registering and using their Ventra Cards, unquestionably governs. The case law is clear that a plaintiff may *not* turn a garden-variety breach of contract claim into other claims such as unjust enrichment and consumer fraud.

4. The unjust enrichment claim (Count II) must be dismissed for the reason that unjust enrichment is not a standalone cause of action, but rather must be predicated on an independent cause of action. However, Plaintiffs do not allege any conduct in support of their unjust enrichment claim aside from Defendants' alleged breach of contract.

5. Also, with respect to CTA, Plaintiffs' unjust enrichment and ICFA claims fail because, under black-letter Illinois law, these claims cannot be asserted against a municipal corporation like CTA.

6. The ICFA claim (Count III) fails for the additional reason that Plaintiffs do not state a claim for unfair or deceptive conduct under the ICFA.

7. The EFTA claim (Count IV) asserted by Kenger and Ro must be dismissed because they fail to articulate any actionable theory of relief against Defendants under the EFTA. Kenger and Ro do not even allege what subsection of the EFTA Defendants supposedly violated; and moreover, under the text of the EFTA the charges to their Ventra Cards were clearly not "unauthorized" under the statute.

8. Alternatively, in the event that the Motion is denied, Plaintiffs' request for punitive damages should be stricken pursuant to Federal Rule of Civil Procedure 12(f). Even if

this Court allows one of these three Counts to go forward, the Complaint does not plead any willful or malicious conduct that could undergird their conclusory request for punitive damages. Finally, punitive damages are not recoverable against CTA, nor are they recoverable for a breach of contract claim, which would be the lone remaining claim if this Motion is granted.[1]

DATED: April 11, 2014

**SHEPPARD MULLIN**
**RICHTER & HAMPTON LLP**

By: /s/ David S. Almeida
      One of Their Attorneys

David S. Almeida, ARDC #6285557
dalmeida@sheppardmullin.com
David M. Poell, ARDC #6302765
dpoell@sheppardmullin.com
Mikela T. Sutrina, ARDC #6311408
msutrina@sheppardmullin.com
**SHEPPARD MULLIN**
**RICHTER & HAMPTON LLP**
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Telephone: (312) 499-6300
Facsimile: (312) 499-6301

*Counsel for Cubic Corporation, Cubic Transportation Systems Chicago, Inc., Cubic Transportation Systems, Inc. and Chicago Transit Authority*

---

[1] Defendants, simultaneously with this Motion to Dismiss, are filing an Answer and Affirmative Defenses to Count I of the Consolidated Complaint.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing MOTION TO DISMISS COUNTS II, III & IV OF PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT AND MOTION TO STRIKE REQUEST FOR PUNITIVE DAMAGES was electronically filed via ECF, which effects service upon all interested parties. Dated this 11th day of April, 2014.

                                               */s/ David S. Almeida*
                                               David S. Almeida