IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
|  | ) | Case No. 13-cv-7294 |
|  | ) |  |
| *In re Ventra Card Litigation* | ) | Hon. Jorge L. Alonso |
|  | ) |  |
|  | ) | Hon. Magistrate Judge Jeffrey C. Cole |
|  | ) |  |

**MOTION TO DISMISS COUNTS III & IV OF THE FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT**

Cubic Corporation, Cubic Transportation Systems Chicago, Inc., Cubic Transportation Systems, Inc. (collectively, the "Cubic Entities") and the Chicago Transit Authority ("CTA" and with the Cubic Entities, "Defendants"), by and through undersigned counsel, respectfully submit this Motion to Dismiss Counts III and IV of the First Amended Consolidated Class Action Complaint ("FAC") filed by James D. Kenger ("Kenger"), Min Ro ("Ro"), Stacy Allen ("Allen") and Anish Patel ("Patel") (collectively, "Plaintiffs"). In support of this Motion, Defendants respectfully state as follows:

1. This lawsuit arises out of Defendants' implementation and rollout of a new contactless fare payment system for CTA passengers known as Ventra.

2. On June 4, 2015, Plaintiffs filed their First Amended Consolidated Class Action Complaint (the "Complaint"), which asserts causes of action for breach of contract, unjust enrichment and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/2 *et seq.* and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.* (*See* DE 104.)

3. This Motion seeks dismissal of Counts III and IV of the Complaint, which allege violations of the ICFA and violations of the EFTA, respectively.

4. The ICFA claim (Count III) should be dismissed as against the Cubic Entities because it is entirely duplicative of Count I alleging breach of contract.[1] The case law is clear that Plaintiffs may *not* turn a garden-variety breach of contract claim into other claims such as unjust enrichment and consumer fraud. Count III also fails for the additional reason that Plaintiffs do not state a claim for an unfair practice under the ICFA.

5. The EFTA claim (Count IV) asserted by Kenger and Ro must be dismissed because Ventra Cards are clearly not "gift cards" as defined under the EFTA. As such, Defendants are not subject to the disclosure requirements pursuant to 12 C.F.R. § 1005.20(f). Moreover, even if this Court were to find that Plaintiffs have sufficiently alleged that Ventra Cards are gift cards, the EFTA does not provide a private right of action to sue for alleged violations of the EFTA's regulations.

Dated: June 19, 2015

By: /s/ *David S. Almeida*
One of Their Attorneys

David S. Almeida, ARDC #6285557
dalmeida@sheppardmullin.com
David M. Poell, ARDC #6302765
dpoell@sheppardmullin.com
Mikela Sutrina, ARDC #6311408
msutrina@sheppardmullin.com
Mark Eisen, ARDC #6312738
meisen@sheppardmullin.com
**SHEPPARD MULLIN**
**RICHTER & HAMPTON LLP**
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Telephone: (312) 499-6300
Facsimile: (312) 499-6301

---

[1] Count III is alleged against the Cubic Entities only and not against the CTA.

-3-

*Counsel for Cubic Corporation, Cubic Transportation Systems Chicago, Inc., Cubic Transportation Systems, Inc. and Chicago Transit Authority*

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that a true and correct copy of the above and foregoing **MOTION TO DISMISS COUNTS III & IV OF THE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** was electronically filed via ECF, which effects service upon all interested parties.

Dated this 19th day of June, 2015.

                   /s/ *David S. Almeida*